Honorable Bob Bush Chairman Committee on Judiciary Texas House of Representatives P.O. Box 2910 Austin, Texas 78769
Re: Whether a district judge whose term expires in 1988 may be a candidate for probate judge in 1986
Dear Representative Bush:
You request our opinion on the following question:
Does any provision of the Texas Constitution or statutory law prohibit a district judge who will be in the middle of his four-year term at the time of the 1986 elections (i.e., will have more than one year left on his term at the time of the election) from running for a position as a probate judge in the 1986 general election?
Article XVI, section 65 of the Texas Constitution provides, in pertinent part, as follows:
 Staggering Terms of Office — The following officers elected at the General Election in November, 1954, and thereafter, shall serve for the full terms provided in this Constitution:
 (a) District Clerks; (b) County Clerks; (c) County Judges; (d) Judges of County Courts at Law, County Criminal Courts, County Probate Courts and County Domestic Relations Courts; (e) County Treasurers; (f) Criminal District Attorneys; (g) County Surveyors; (h) Inspectors of Hides and Animals; (i) County Commissioners for Precincts Two and Four; (j) Justices of the Peace.
Notwithstanding other provisions of this Constitution, the following officers elected at the General Election in November, 1954, shall serve only for terms of two (2) years: (a) Sheriffs; (b) Assessors and Collectors of Taxes; (c) District Attorneys; (d) County Attorneys; (e) Public Weighers; (f) County Commissioners for Precincts One and Three; (g) Constables. At subsequent elections, such officers shall be elected for the full terms provided in this Constitution.
In any district, county or precinct where any of the aforementioned offices is of such nature that two (2) or more persons hold such office, with the result that candidates file for `Place No. 1,' `Place No. 2,' etc., the officers elected at the General Election in November, 1954, shall serve for a term of two (2) years if the designation of their office is an uneven number, and for a term of four (4) years if the designation of their office is an even number. Thereafter, all such officers shall be elected for the terms provided in this Constitution.
Provided, however, if any of the officers named herein shall announce their candidacy, or shall in fact become a candidate, in any General, Special or Primary Election, for any office of profit or trust under the laws of this State or the United States other than the office then held, at any time when the unexpired term of the office then held shall exceed one (1) year, such announcement or such candidacy shall constitute an automatic resignation of the office then held, and the vacancy thereby created shall be filled pursuant to law in the same manner as other vacancies for such office are filled. (Emphasis added).
Because article XVI, section 65, does not mention district judges, the automatic resignation provision does not apply to district judges. The United States Supreme Court upheld article XVI, section 65, against a claim that the application of the resign-to-run provision to some public officials and not to others violated the equal protection clause of the Fourteenth Amendment. Clements v. Fashing, 457 U.S. 957 (1982).
We are aware of no similar provision that applies to district judges. But see Code of Judicial Conduct, Canon 7, V.T.C.S. Title 14-App. (concerning political activity by judges); see also Tex. Const. art. V, § 1-a(6)(A) (willful violation of Code of Judicial Conduct is grounds for removal).
 SUMMARY
The resign-to-run provision of article XVI, section 65, of the Texas Constitution does not apply to district judges.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General